UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-623-FDW

| | |
|---|---|
| CLAUDE D. LANEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SIX UNKNOWN OFFICERS, )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e) and 1915A.

**I.     BACKGROUND**

In this action, brought pursuant to 42 U.S.C. § 1983, pro se Plaintiff Claude D. Laney, a North Carolina state court inmate currently incarcerated at Central Prison in Raleigh, North Carolina, brings claims against Defendants for excessive force in violation of his constitutional right not to be subjected to cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution.[1] In his Complaint, Plaintiff names as Defendants "Six Unknown Officers." In the section of the Complaint in which the Defendants are named, Plaintiff states that the action is against one white sergeant, one black sergeant, two white officers, and two black officers. See (Doc. No. 1 at 3). Plaintiff's action arises out of an incident that allegedly occurred at Lanesboro Correctional Institution on May 12, 2013, and in the early hours of May 13, 2013. Plaintiff

---

[1] Plaintiff filed an identical action on May 31, 2013, but the Court dismissed the action without prejudice because Plaintiff had not exhausted his administrative remedies. See Laney v. Six Unknown Officers, 3:13v333 (W.D.N.C.). Plaintiff now appears to have exhausted his administrative remedies. See (Doc. No. 5).

1

alleges the following facts in the Complaint:

On 5-12-13 at approximately 5:00 p.m. while on my way to the evening meal, two Blood gang members approached me. And told me that I needed to pay $100.00 green dot to pay rent. I had only been at Lanesboro prison for 6 days. I had witnessed other prisoners being brutalized by gangs for not paying rent and I was afraid because I did not have that kind of money to pay.

When I got [to] the chow hall I noticed 5 or 6 black officers beating up inmate Bass who is (white) Caucasian male. It appeared to me that he didn't do anything to deserve what they were doing so I kept on walking.

As I was just outside of the dining area I punched a Blood gang member in front of officers so they would break it up and put me in segregation so I could be protected without snitching. It was the same gang member who told me I gotta pay rent. I only did this because I knew if I got back to the cell block they would catch me in my room and stab me. So I was in fear for my life.

At that point 5 or more [officers] began beating me in the back, arms and legs with batons because I had a firm hold onto the gang member who I knew had a knife and if I had let him go he would stab me. I was shouting and trying to tell the officers who [were] hitting me that he had a knife. But I lost my air and breath when I got sprayed with pepper spray and I let go.

The officers then escorted me to segregation where I was placed in a holding cell. The [one] I punched was put in holding cage and 3 other gang members who had also jumped in the fight on me [were] placed into separate holding cells cages.

At some point my personal property was brought back there in the holding cell to me but I was missing my legal discovery in court case along with my cosmetics, medical boots, and my personal family pictures so I refused to sign the DC160. Also missing was my radio. The officers seemed agitated that I did not sign the . . . DC160 form.

Also I was trying to get the officers to get medical attention for the minor injuries I sustained from officers during the altercation with the Blood gang members previously. They wouldn't allow me to wash the pepper spray out of my eyes but they did the gang members.

At about 2 or 3:00 a.m. on 5-13-2013, a black sergeant who I think was named Williams approached the holding cell cage and unlocked it. He was accompanied by 3 or 4 black officers [and] maybe 2 white officers. He unlocked my garage door and stated, "Are you ready to get out of here?" I replied, "Yes," thinking that maybe this [sergeant] actually felt sorry for me and was gonna help me. [The sergeant] led me into the sergeant's office where a black female officer was sitting behind a desk on a computer. He directed me into a back room beyond the desk on the left and closed the door. I noticed a bunch of metal filing cabinets stacked up on the floor and some paper supplies, etc. I didn't know why I was led into that room until I turned around.

The next thing I know the black sergeant stepped up close to me and pressed his nose very harshly up against my nose and growled at me and said, "I want you to me [sic] you cracker pussy." I was afraid and shaking and asked him what did I do.

He grabbed me, "You wanna mess with my kind" and he squeezed my chest real hard and stated to me, "You messed with my boys," referring to the gang members who

2

were trying to extort me earlier.

I was afraid and I stated, "No!" And "I don't want any trouble because my back and arms were already injured and bruised, the next thing I know this sergeant shoved me into the wall and I hit my head up against the concrete wall so hard everything got blurry and I fell into the filing cabinet drawers. Then another black officers grabbed me by my foot and pulled me to the middle of the floor and they started stomping me all over my body and then one officer put his foot (black boot) on my face to hold my head down.

It was hurting so bad that I tried to reach up in protest then I heard several clicking sounds and that's when the other officers started beating my arms with metal sticks and I screamed in excruciating pain as I felt like one of my bones broke in my right arm. The officers continued to kick and hit me. I tried to block my face and they were laughing the whole time. All I could do was beg them to stop. I thought they were going to kill me because I got knocked unconscious a couple of times.

At some point they stopped and the [sergeant] asked me if "the redneck has had enough?" and see you ain't so tough after all. At that moment I realized that what the other inmates told me about Lanesboro guards being racist and Blood gang members was true.

I was allowed to stand up and [Sergeant] Williams stated, "You got more balls then most people we bring back here." Then a short black officer karate kicked me in the face (forehead) and then the officers started punching and hitting me again. They were out of breath and panting real hard. The [sergeant] stated, "That['s] enough." I was handcuffed then jerked up then they took me to cell block A-41.

For two days I begged medical to come see me, but they kept putting me off then on Tuesday I had threatened to harm myself so that I would see the psychologist. So I could get some help because I was in so much pain. Then I could tell the psychologist what had happened to me. This was on Tuesday 5-14-2013. The psychologist told me that by law she would have to report all this and also that she was going to try to get me some medical attention soon.

On Wednesday May 15 2013 a captain had officer to bring me out to her office and I reported all that had occurred. She then had (Stg. Officer Germany) to take pictures of my face, arms, and body from where I was brutally beaten by the staff (officers).

Then I was allowed to see a nurse. However, I was still not allowed to see the doctor. I was in so much pain and [tried] to get them to treat me. It [was not] until other officers saw me crying that I got sent back to medical and the nurse finally had me sent to Charlotte Medical Center. When the ER took x-rays of my arms I was informed that both my arms were broken.

They put splints on my arms and told me that I would have to receive corrective surgery on both my arms.

(Doc. No. 1 at 6-10) (some grammatical and spelling errors corrected). Plaintiff seeks compensatory damages, punitive damages, and declaratory and injunctive relief.[2] (Id. at 4-5).

---

[2] Because Plaintiff has been transferred away from Lanesboro, his claims for declaratory and

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.     DISCUSSION

As noted, Plaintiff contends that "Six Unnamed Defendants" violated his Eighth Amendment right to be free from cruel and unusual punishment by using excessive force against him. If Plaintiff's allegations are true, his Eighth Amendment rights were clearly violated by the Lanesboro guards who allegedly took him to a back office in the prison and brutally beat him in the early hours of May 13, 2013. John or Jane Doe suits are not favored in the federal courts. See, e.g., Chidi Njoku v. Unknown Special Unit Staff, No. 99-7644, 2000 WL 903896, at *1 (4th

---

injunctive relief are moot. Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.").

Cir. July 7, 2000) (per curiam). A court should dismiss a John or Jane Doe suit without prejudice when it does not appear that the plaintiff will be able to identify the true identity of the defendant "'through discovery or through intervention by the court.'" Id. (quoting Schiff v. Kennedy, 691 F.2d 196, 198 (4th Cir. 1982)). A plaintiff who seeks to proceed against unidentified defendants must still "provide an adequate description of some kind which is sufficient to identify the person involved so that process can be served." Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992) (quotation omitted); Williams v. Burgess, No. 3:09-CV-115, 2010 WL 1957105, at *2 (E.D. Va. May 13, 2010).

Here, Plaintiff has failed to provide sufficient information to identify the unnamed defendants so that process can be served on them. Plaintiff describes the unnamed Defendants only as black or white officers or black or white sergeants. Plaintiff refers to one guard as possibly having the last name of "Williams," but the Court cannot determine whether a guard named Williams was one of the "Six Unnamed Guards" named as Defendants. That is, Plaintiff has not named "FNU Williams" as a Defendant in the Complaint. Plaintiff alleges in the Complaint that he was transferred away from Lanesboro just days after the alleged beating. Since he is no longer at Lanesboro, it will no doubt be extremely difficult without intervention from the Court to attempt to determine the names of the guards who allegedly beat him. The Court will, therefore, add the State of North Carolina as a necessary party in this action so that Plaintiff can obtain from the State of North Carolina the names of the officers working at the prison on the night of the alleged beating so that Plaintiff can attempt to identify the names of the officers who allegedly beat him. See Donald v. Cook Cnty. Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996) (stating that where a pro se plaintiff states a colorable claim but is unable to identify the proper defendants due to his incarceration, the district court should assist him in

5

identifying the proper parties).

IV. CONCLUSION

In sum, this action survives initial review, and the State of North Carolina is added as a necessary party to this action.

**IT IS, THEREFORE, ORDERED** that:

1. This action survives initial review under 28 U.S.C. §§ 1915(e) and 1915A. The State of North Carolina is added as a necessary party for the limited purpose of determining the names of the individual officers involved in the alleged unconstitutional conduct in this matter.

2. The U.S. Marshal is directed to serve process on the North Carolina Attorney General in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. The North Carolina Attorney General shall then undertake a review of the subject matter of the Complaint to ascertain the facts and circumstances of the Complaint, and to identify those officers working at Lanesboro on the night of the alleged beating and who could reasonably be identified as participants. The North Carolina Attorney General shall, in its Answer, give information sufficient for Plaintiff to identify the individuals who allegedly participated in the beating. Once the Attorney General has disclosed the names of those guards employed at the prison on the night of the beating, Plaintiff shall then have the opportunity to amend the Complaint to name as Defendants the guards who allegedly beat him.

Signed: June 13, 2014

Frank D. Whitney
Chief United States District Judge