```
                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF NORTH CAROLINA
                          CHARLOTTE DIVISION
                            3:13-cv-623-FDW
```

| | | |
|---|---|---|
| **CLAUDE D. LANEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **SIX UNKNOWN OFFICERS,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Compel Production of Documents, (Doc. No.10), and on the Court's own motion following the filing of the Answer to the Complaint by the State of North Carolina.

In this action, brought pursuant to 42 U.S.C. § 1983, pro se Plaintiff Claude D. Laney, a North Carolina state court inmate currently incarcerated at Central Prison in Raleigh, North Carolina, brings claims against Defendants for excessive force in violation of his constitutional right not to be subjected to cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution.[1]  In his Complaint, Plaintiff names as Defendants "Six Unknown Officers." In the section of the Complaint in which the Defendants are named, Plaintiff states that the action is against one white sergeant, one black sergeant, two white officers, and two black officers. See (Doc. No. 1 at 3). Plaintiff's action arises out of an incident that allegedly occurred at Lanesboro Correctional Institution on May 12, 2013, and in the early hours of May 13, 2013. In an Order

---

[1] Plaintiff filed an identical action on May 31, 2013, but the Court dismissed the action without prejudice because Plaintiff had not exhausted his administrative remedies. See Laney v. Six Unknown Officers, 3:13v333 (W.D.N.C.). Plaintiff now appears to have exhausted his administrative remedies. See (Doc. No. 5).

1

dated June 13, 2014, this Court added the State of North Carolina as a necessary party for the limited purpose of providing names of the officers involved in the alleged incident giving rise to Plaintiff's claims. (Doc. No. 8). On July 9, 2014, the State of North Carolina filed an Answer, in which the State of North Carolina, upon information and belief, provided the names of seven officers who may have knowledge of the alleged incident in this action. (Doc. No. 12).

Plaintiff shall have thirty days in which to file an Amended Complaint identifying named Defendants in this action whom Plaintiff alleges committed the alleged constitutional violation. Furthermore, the Clerk shall mail to Plaintiff summons forms for Plaintiff to provide the names and addresses of the named Defendants for service on the named Defendants.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall have thirty days from service of this Order to file an Amended Complaint, specifically naming as Defendants the individuals he contends committed the constitutional violations against him. The Amended Complaint shall include all allegations and claims Plaintiff wishes to bring against the named Defendants, as any Amended Complaint will supersede and render moot the original Complaint. In the event that Plaintiff does not file an Amended Complaint within thirty days of service of this order, the Court will dismiss this action without prejudice and without further notice.

2. The Clerk shall mail to Plaintiff seven summons forms, and Plaintiff shall provide the names and addresses on the forms of all of the individual whom he identifies as Defendants. Once the Clerk receives the summons forms, the Clerk shall then direct the U.S. Marshal is directed to serve process on the named Defendants in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

3. Plaintiff's Motion to Compel Production of Documents, (Doc. No. 10), is **DENIED** as premature because discovery in this action has not yet commenced.

Frank D. Whitney
Chief United States District Judge